**UNITED STATES of America,
Appellee,**

v.

**Georgia F. BOWEN, a/k/a Gewndolyn
Temple Emmet, a/k/a Gwendolyn Go-
diva Emmet, a/k/a Gwendolyn Emmet,
a/k/a Georgia G. Emmet, a/k/a Gwen-
dolyn G.T. Emmet, a/k/a Georgia
Bowen Emmet, a/k/a Gwendolyn G
Temple T, Defendant–Appellant.**

**No. 10–3663–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 29, 2011.

E. Carey Cantwell, E. Carey Cantwell,
P.C., Buffalo, NY, for Appellant.

Joseph J. Karaszewski, for William J.
Hochul, Jr., United States Attorney for the
Western District of New York, Buffalo,
NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief
Judge, JOSÉ A. CABRANES and
DEBRA ANN LIVINGSTON, Circuit
Judges.

### SUMMARY ORDER

Georgia Bowen appeals from a judgment
of conviction entered on September 3, 2010
by the United States District Court for the
Western District of New York (Skretny,
*C.J.*) for aggravated identity theft in viola-
tion of 18 U.S.C. § 1028A. We assume the
parties' familiarity with the underlying
facts, procedural history, and issues pre-
sented for review.

Bowen contends that her former attor-
ney failed to properly advise her of the
immigration consequences of the plea
agreement that he advised her to accept.
She therefore seeks to withdraw her plea
agreement under *Padilla v. Kentucky*, ——
U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284
(2010), which holds that failing to properly
advise a client of the immigration conse-
quences of a guilty plea is ineffective assis-
tance. *Id.* at 1483. Bowen pled guilty to
aggravated identity theft in violation of 18
U.S.C. § 1028(a), rendering her deportable
under section 237(a)(2)(A)(iii) of the Immi-
gration Nationality Act. *See* 8 U.S.C.
§ 1227(a)(2)(A)(iii); *see also id.*
§ 1101(a)(43)(M)(i) (defining aggravated
felony to include an offense that "involves
fraud or deceit in which the loss to the
victim or victims exceeds $10,000"). After
Bowen pled guilty but before sentencing,
her attorney withdrew for health reasons
and died soon after.

After obtaining new counsel, Bowen
moved to withdraw her guilty plea be-
cause, *inter alia*, she had not been proper-
ly advised of its immigration consequences.
However, the attached affidavit swore that

her former attorney "misinformed her that she had no relief to get from deportation it was a must" (an averment said to reflect incompetence because her own subsequent research revealed that relief was available). Although Bowen later contended that her attorney had not in fact advised her of the mandatory deportation that attached to her conviction, the district court credited her earlier affidavit and denied her motion to withdraw her plea.

Although we normally prefer to defer resolution of ineffective assistance claims until a later motion under 28 U.S.C. § 2255, *see Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), the record before us is sufficient to resolve Bowen's claim, *see United States v. Hasan,* 586 F.3d 161, 170 (2d Cir.2009). We review an ineffective assistance claim *de novo, see U.S. v. Arteca,* 411 F.3d 315, 320 (2d Cir.2005), but accept the district court's factual findings unless they are clearly erroneous, *see United States v. Monzon,* 359 F.3d 110, 119 (2d Cir.2004). We owe particular deference to factual findings premised on credibility determinations, and where there are two competing, permissible views of the evidence, a choice between them cannot be clearly erroneous. *Id.* The district court's finding that Bowen's attorney properly advised her of the immigration consequences of her plea, when she admitted as much under oath, is far from clearly erroneous.

The district court did not err by deciding the motion without an evidentiary hearing. A district court's decision on whether to hold an evidentiary hearing for a claim of ineffective assistance is reviewed for abuse of discretion. *See United States v. Levy,* 377 F.3d 259, 264 (2d Cir.2004). On the record before it, including Bowen's own admission of the advice she received, the district court's decision was not an abuse of discretion.

Finding no merit in Bowen's remaining arguments, we hereby **AFFIRM** the judgment of the district court.